# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 26940308**
**Date Processed: 05/17/2023**

| | |
|---|---|
| **Primary Contact:** | Jacob Genud<br>Ritani, LLC<br>3 Barker Ave<br>White Plains, NY 10601-1509 |
| **Electronic copy provided to:** | Seth Lazarus |

| | |
|---|---|
| **Entity:** | Electronic Commodities Exchange, L.P.<br>Entity ID Number  3980648 |
| **Entity Served:** | Electronic Commodities Exchange, L.P., d/b/a Www.Ritani.com |
| **Title of Action:** | Sonya Valenzuela vs. Elecvonic Commodities Exchange, L.P. d/b/a www.Ritani.com |
| **Matter Name/ID:** | Sonya Valenzuela vs. Elecvonic Commodities Exchange, L.P. d/b/a www.Ritani.com (14075453) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 23STCV10477 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/15/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Pacific Trial Attorneys A Professional Corporation<br>949-706-6464 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>ELECTRONIC COMMODITIES EXCHANGE, L.P., a Delaware limited partnership d/b/a WWW.RITANI.COM,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>SONYA VALENZUELA, individually and on behalf of all others similarly situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>5/10/2023 2:10 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By R. Lozano, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>312 N. Spring Street, Los Angeles, CA  90012 | CASE NUMBER:<br>*(Número del Caso):*<br>23STCV10477 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091) / Victoria C. Knowles (Bar # 277231)    Phone No.: (949) 706-6464
PACIFIC TRIAL ATTORNEYS, APC
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

| DATE: 05/10/2023 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | David W. Slayton, Executive Officer/Clerk of Court *(Secretario)* R. Lozano | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ELECTRONIC COMMODITIES EXCHANGE, L.P., a Delaware limited partnership d/b/a WWW.RITANI.COM
   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov*<br>*LexisNexis® Automated California Judicial Council Forms* |



1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA 92660
4  Tel: (949) 706-6464
   Fax: (949) 706-6469
5
   Attorneys for Plaintiff
6

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/10/2023 2:10 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By R. Lozano, Deputy Clerk

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LOS ANGELES

10

11  SONYA VALENZUELA, individually and on       Case No.   23STCV10477
    behalf of all others similarly situated,
12
                  Plaintiffs,
13
                  v.                            CLASS ACTION COMPLAINT FOR:
14
    ELECTRONIC COMMODITIES EXCHANGE,            VIOLATION    OF    THE    CALIFORNIA
15  L.P., a Delaware limited partnership d/b/a   INVASION OF PRIVACY ACT ("CIPA")
    WWW.RITANI.COM,
16
                  Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

                            CLASS ACTION COMPLAINT

**INTRODUCTION**

**Defendant secretly enables and allows a third-party spyware company to eavesdrop on the private conversations of everyone who communicates through the chat feature at www.ritani.com (the "Website"). The spyware company then exploits and monetizes that data by sharing it with other third parties, who use the private chat data to bombard the unsuspecting visitor with targeted marketing.**

**As a result, Defendant has violated the California Invasion of Privacy Act ("CIPA").**

**JURISDICTION AND VENUE**

1.      As a Court of general jurisdiction, This Court has jurisdiction over all matters presented to it per the mandates of the California Constitution.

2.      Venue is proper in this County in accordance with California Code of Civil Procedure Section 394(b) because "none of the defendants reside in the state." As such, venue is proper "in any county that the plaintiff may designate in his or her complaint."

3.      Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States." Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of its national website sales to Californians, such that the website "is the equivalent of a physical store in California." Since this case involves illegal conduct emanating from Defendant's operation of its website targeting Californians, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).

**PARTIES**

4.      Plaintiff is a resident and citizen of California. While physically within California in the past year, Plaintiff visited Defendant's website using a smart phone and conducted a brief conversation with an agent of Defendant through the website chat feature. Plaintiff was not advised that the chat was monitored, intercepted, or recorded.

5.      Defendant is a fine jewelry company specializing in engagement rings and bridal jewelry. The company sells such products throughout the United States and in this County.

6.    Defendant owns, operates, and/or controls the above-referenced website.

**FACTUAL ALLEGATIONS**

7.    CIPA prohibits both wiretapping and eavesdropping of electronic communications without the consent of all parties to the communication.  Compliance with CIPA is easy, and most website operators comply by conspicuously warning visitors if their conversations are being recorded, intercepted, or eavesdropped upon.[1]

8.    Unlike most companies, Defendant *ignores* CIPA.  Instead, Defendant enables and allows two independent third parties to intercept and eavesdrop on all such conversations.  Why? Because, as one industry expert notes, *"Live chat transcripts are the gold mines of customer service. At your fingertips, you have valuable customer insight to make informed business decisions. . .When people are chatting, you have direct access to their exact pain points.").  See* https://www.ravience.co/post/improve-marketing-roi-live-chat-transcripts (last visited  May  2023) (emphasis added).

9.    Defendant's actions are not incidental to facilitating e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, as noted above, Defendant's actions are illegal and violate both industry norms and the legitimate expectations of consumers.

10.    To enable the eavesdropping, Defendant has allowed a Third-Party Spyware Company called "LiveChat" to covertly embed code into Defendant's chat feature.  In fact, after Plaintiff used the chat feature, Defendant recently updated its online privacy policy to admit that it uses personal information collected on the website to "Send you promotional/marketing information, advertising, newsletters, offers or other information from us and sending you promotional/marketing information, advertising, offers or other information from us related to our affiliate partners..."

11.    The secret code enables and allows the Third-Party Spyware Company to secretly intercept in real time, eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors.  Defendant neither informs visitors of this conduct nor obtains their

---

[1]    https://www.leechtishman.com/insights/blog/the-california-invasion-of-privacy-act-californias-wiretap-act/ (*"CIPA Compliance is not difficult. A business must take certain steps. . .with a chat feature. . .to ensure that it obtains valid consent consistent with the holdings of courts interpreting CIPA."*) (last visited May 2023) (emphasis added).

consent to these intrusions.

12.    The Third-Party Spyware Company's chat service is an Application Programming Interface that is "plugged into" Defendant's Website. The chat function is run from the Third-Party Spyware's servers but allows for chat functionality on Defendant's Website. In other words, the Third-Party Spyware Company runs the Chat service from its own servers, but customers interact with the chat service on Defendant's Website so it appears to users that they are communicating with a company representative of Defendant.

13.    Thus, whenever a chat message is sent from a member of the Class to Defendant, it is first routed through the Third-Party Spyware Company's server.    This enables the Third-Party Spyware Company to analyze and collect customer-support agent interactions in real time to create live transcripts of communications as they occur, among other services.

14.    One might reasonably wonder why a Third-Party Spyware Company would be interested in intercepting and recording the website chat interactions between Defendant and unsuspecting visitors to Defendant's website.  As shown below, it all about money.

15.    The Third-Party Spyware Company's chat software is "integrated" with Meta, Inc., and its subsidiary Facebook.  This integration allows various software sub-systems to share data to operate as a unified system.  According to Bloomerg.com, this is all part of Meta's secret *"plan to profit from private chats."*    *See*  https://www.bloomberg.com/news/articles/2022-02-15/meta-closes-1-billion-kustomer-deal-after-regulatory-review (last downloaded May 2023).

16.    How does it work?  *First*, Meta identifies "user interests" by monitoring a collection of "offsite" user activity such as website visits and interactions (including private chat communications between Defendant and visitors) and by "integrating" its software with the Third-Party Spyware Company's software.  *Second*, Defendant has secretly installed the Facebook "pixel" software on its website – a tool widely regarded as spyware – that allows both Defendant and Meta/Facebook to track activities on Defendant's website, including interaction with the chat feature.[2]  *Third*, armed with

---

[2]    *See*    https://www.facebook.com/gpa/blog/the-facebook-pixel#:~:text=The%20Facebook%20pixel%20is%20a,people%20take%20on%20your%20website (last downloaded May 2023) ("The Facebook pixel is a piece of code for your website that lets you measure, optimize and build audiences for your ad campaigns. You can think of this as an analytics
Continued on the next page

detailed information about "user interests" and what they chat with Defendant about, Meta/Facebook generates revenue by selling targeted advertising space on its social media platforms. ***Fourth and finally***, after the chat transcripts intercepted by the Third-Party Spyware Company are provided to Meta/Facebook through integration and via the Facebook pixel spyware, Meta/Facebook and others bombard the unsuspecting website visitors with targeted advertising based upon the user's website visits and chat interactions.

17.    Through the preceding acts, Meta's subsidiary Kustomer can freely boast that it will "Transform    your    support    center    into    a    profit    generator." *See* https://www.kustomer.com/product/customer-service/ (last downloaded May 2023). Indeed, Meta recently ***admitted*** that it has been doing precisely what Plaintiff alleges here, and paid over $700 million to settle privacy claims arising out of its role in the misconduct.[3]

18.    Indeed, all of the schemers – Defendant, the Third-Party Spyware Company, and Meta – handsomely profit from secretly exploiting the private chat data through targeted social media advertising because *"Targeted advertising allows brands to send different messaging to different consumers based on what the brand knows about the customer. The better a brand can demonstrate that it understands what its customers want and need, the more likely customers respond to advertising and engage with the brand. Social media targeting helps brands leverage consumers' behavior on the web, search engines, and social media sites to present ads that reflect consumer interests."*[4]

19.    The Third-Party Spyware Company's exploitation, monetization, use of, and interaction with the data it gathers through the chat feature in real time makes it more than a mere "extension" of Defendant.

20.    Within the last year, Plaintiff visited Defendant's Website. Plaintiff – like all visitors – shared personally identifying information with Defendant via the Website chat feature. Plaintiff used a smart phone (a cellular telephone with integrated computers to enable web browsing). As such,

Continued from the previous page
tool that allows you to measure the effectiveness of your advertising by understanding the actions people take on your website.").
[3]    See www.Law360.com, *Meta Secures Initial OK On $725M Cambridge Analytica Deal* (last visited April 19, 2023).
[4]    See www.adroll.com, *What is Targeted Advertising?* (last visited May 2023).

1  Plaintiff's conversation with Defendant was transmitted from a "cellular radio telephone" as defined

2  by CIPA.

3       21.    By definition, Defendant's chat communications from its website are transmitted to

4  website   visitors   by   either   cellular   telephony   or   landline   telephony.   *See*

5  https://www.britannica.com/technology/Internet ("How does the Internet work?") ("*The Internet works*

6  *through a series of networks that connect devices around the world through telephone lines.*") (last

7  visited May 2023).

8       22.    Defendant did not inform Plaintiff that Defendant was secretly allowing, aiding, and

9  abetting the Third-Party Spyware Company to intercept and eavesdrop on the conversations during

10 transmission, or that the Third-Party Spyware Company provided data from such transcripts to Meta

11 through "integration" with Meta software.

12      23.    Defendant did not obtain Plaintiff's effective consent for the preceding intrusions, nor

13 did Plaintiff know at the time of the conversation of Defendant's conduct.

## I.   CLASS ALLEGATIONS

15      24.    Plaintiff brings this action individually and on behalf of all others similarly situated (the

16 "Class") defined as follows:

17           **All California residents who while physically present in California within**

18           **the statute of limitations period: (1) communicated with Defendant via the**

19           **chat feature on Defendant's Website using a cellular telephone, and (2)**

20           **whose communications were recorded and/or eavesdropped upon without**

21           **prior consent.**

22      25.    NUMEROSITY: Plaintiff does not know the number of Class Members but believes the

23 number to be in the thousands, if not more. The exact identities of Class Members may be ascertained

24 by the records maintained by Defendant.

25      26.    COMMONALITY: Common questions of fact and law exist as to all class members,

26 and predominate over any questions affecting only individual members of the Class.  Such common

27 legal and factual questions, which do not vary between Class members, and which may be determined

28

1   without reference to the individual circumstances of any Class Member, include but are not limited to

2   the following:

3       a.      Whether Defendant caused electronic communications from class members with the

4   Website to be recorded, intercepted, and/or monitored;

5       b.      Whether Defendant aided and abetted a third party in eavesdropping on such

6   communications;

7       c.      Whether Plaintiff and Class Members are entitled to statutory penalties; and

8       d.      Whether Class Members are entitled to injunctive relief.

9       27.     TYPICALITY: As a person who visited Defendant's Website and whose chat was

10  recorded, intercepted and eavesdropped upon without prior knowledge or consent, Plaintiff is asserting

11  claims that are typical of the Class.

12      28.     ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members

13  of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals

14  with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion

15  would otherwise be improper are excluded.

16      29.     SUPERIORITY: A class action is superior to other available methods of adjudication

17  because individual litigation of the claims of all Class Members is impracticable and inefficient. Even

18  if every Class Member could afford individual litigation, the court system could not. It would be

19  unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

20                          **FIRST CAUSE OF ACTION**

21              **Violations of the California Invasion of Privacy Act**

22                          **Cal. Penal Code § 631**

23      30.     Section 631(a) of California's Penal Code imposes liability upon any entity that "by

24  means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or

25  makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or

26  otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line,

27  cable, or instrument of any internal telephonic communication system," or (2) "willfully and without

28  the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to

read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section". *Here, Defendant violates the third prong, as set forth above, by "aiding, abetting, and conspiring" with both the Third-Party Spyware Company and Meta/Facebook to intercept, eavesdrop upon, learn, share, and monetize the contents of Defendant's chat conversations.*

31.     Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's communications with Defendant's Website.   "Though written in terms of wiretapping, Section 631(a) applies to Internet communications.   It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.'  *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. 2022).

32.     The Third-Party Spyware Company's software embedded on Defendant's Website to record and eavesdrop upon Plaintiff's communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

33.     At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Defendant's website to be recorded.   Defendant also aided and abetted two third parties to eavesdrop upon such conversations during transmission and in real time.

34.     Class members did not effectively consent to any of Defendant's actions.

35.     Defendant's conduct violates Cal. Penal Code § 631(a), entitling class members to statutory damages.

36.     In a materially identical case, a court recently held that the above-described allegations state viable claims for violations of section 631(a) of CIPA.  *See Byars v. The Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358-SSS-KKx, 2023 WL 1788553, *4 (C.D. Cal. Feb. 3, 2023) (Sykes, J.) (*"Byars contends that Goodyear, using a third-party service, "intercepts in real time" a website visitors' chat conversation.  Byars alleges that, using the chat conversation, website visitors share sensitive personal information. Because Byars has pled sufficient facts to show the contents of the*

communications and that the communications were intercepted, Byars has sufficiently stated a claim under § 631(a).") (emphasis added).

## SECOND CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 632.7

37.     Section 632.7 of California's Penal Code imposes liability upon anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."

38.     Class members communicated with Defendant using telephony subject to the mandates and prohibitions of Section 632.7.

39.     Defendant's communication from the chat feature on its website is transmitted via telephony subject to the mandates and prohibitions of Section 632.7.

40.     As set forth above, Defendant recorded telephony communication without the consent of all parties to the communication in violation of Section 632.7.

41.     As set forth above, Defendant also aided and abetted a Third-Party in the interception, reception, and/or intentional recordation of telephony communication in violation of Section 632.7.

42.     Defendant's conduct violates Cal. Penal Code § 632.7, entitling class members to statutory damages.  Indeed, in a materially identical case, a court recently held that the above-described allegations state viable claims for violations of section 632.7 of CIPA.  *See Byars v. The Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358, 2023 WL 1788553, *5 (C.D. Cal. Feb. 3, 2023) (Sykes, J.) ("*Byars' alleged communication with Goodyear occurred via Goodyear's chat feature on its website. Byars accessed Goodyear's website using her smartphone. As smartphones are cellular phones with web capabilities, Byars' smartphone falls within the cellular phone category. Because Byars' contends that users of Goodyear's website "share highly sensitive personal data" via Goodyear's chat feature, Byars has sufficiently alleged that website users had a reasonable*

*expectation of privacy and therefore the communications fall within the scope of § 632.7.*") (emphasis added).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.    An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.    An order declaring Defendant's conduct violates CIPA;

3.    An order of judgment in favor of Plaintiff and the Class and against Defendant on the causes of action asserted herein;

4.    An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5.    Statutory damages pursuant to CIPA;

6.    Reasonable attorneys' fees and costs; and

7.    All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated: May 10, 2023              PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott. J. Ferrell
Attorneys for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Scott J. Ferrell (Bar #202091) / Victoria C. Knowles (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, A Professional Corporation
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

TELEPHONE NO.: (949) 706-6464        FAX NO.:

ATTORNEY FOR *(Name):* Plaintiff and the Class

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: SPRING STREET COURTHOUSE

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/10/2023 2:10 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By R. Lozano, Deputy Clerk

CASE NAME:
Valenzuela, et al. v. Electronic Commodities Exchange, L.P.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 23STCV10477 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [X] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[ ] punitive

4. Number of causes of action *(specify):* TWO (2)

5. This case [X] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 10, 2023

Scott J. Ferrell                                   ▶ [signature]
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE | CASE NUMBER |
|---|---|
| Valenzuela, et al. v. Electronic Commodities Exchange, L.P. | 23STCV10477 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Valenzuela, et al. v. Electronic Commodities Exchange, L.P. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Valenzuela, et al. v. Electronic Commodities Exchange, L.P. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Valenzuela, et al. v. Electronic Commodities Exchange, L.P. | |

| | | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | | Claims Involving Mass Tort (40) | ☑ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | | ☐ 4304 Election Contest | 2 |
| | | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE<br>Valenzuela, et al. v. Electronic Commodities Exchange, L.P. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>30 Dr. Martin Luther King Jr. Blvd. |
|---|---|

| CITY:<br>White Plains | STATE:<br>NJ | ZIP CODE:<br>10601 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __05/10/2023__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/10/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____R. Lozano_____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV10477 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Stuart M. Rice | 1 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record   David W. Slayton, Executive Officer / Clerk of Court

on _05/10/2023_____                By _R. Lozano_____, Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.